## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

SI03, INC.,

    Plaintiff/Counterclaim
    Defendant,

v.

BODY LLC d/b/a BODY
NUTRITION,

    Defendant/Counterclaimant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:25-cv-00094

## MEMORANDUM IN SUPPORT OF
## MOTION TO AMEND COUNTERCLAIM

Defendant–Counterclaimant Body LLC d/b/a Body Nutrition ("Body") respectfully requests that the Court grant it leave to file its Amended Counterclaim, pursuant to Federal Rules of Civil Procedure 15(a) and 16(b), based upon newly discovered facts.

### BACKGROUND

This Court entered the Case Management Order (the "CMO") in this matter on December 8, 2025, setting the deadline to amend pleadings as January 30, 2026. Since entry of the CMO, the parties have exchanged written discovery. In response to Body's initial Requests for Production, on April 30, 2026, Plaintiff produced a recording of a call between Greg Simek, Body's CEO and a Florida resident, and Matthew Miller and Bella Chen, both employees of SI03. Neither Miller, Chen, nor anyone else from SI03 ever informed Simek or anyone at Body that it had recorded the phone call. Body became aware of the recording only by Plaintiff's April 30, 2026 production. Body now seeks to assert a new claim under Florida's Security of Communications Act based on this new evidence.

**ARGUMENT**

Pursuant to Fed. R. Civ. Pro. 16(b), a party may amend its pleadings after the deadline in the CMO has passed for good cause. Newly discovered facts constitute good cause supporting an amendment. *Peterka v. City of Maplewood*, No. 4:14CV00823 ERW, 2015 WL 2145342, at *2 (E.D. Mo. May 7, 2015). The primary measure of good cause is the movant's diligence in attempting to meet the order's deadlines. *Cowden v. BNSF Ry. Co.*, No. 4:08CV1534 ERW, 2013 WL 1282248, at *3 (E.D. Mo. Mar. 26, 2013). The movant does not act in bad faith or with dilatory motive where it seeks leave to amend shortly after discovering a basis for the new claims. *See Schwend v. U.S. Bank*, 4:10-cv-1590-CDP, 2011 WL 5039812, at *2 (E.D. Mo. Oct. 24, 2011) (finding good cause where defendants produced discovery that revealed grounds for new claims two months after the amendment deadline, and plaintiff filed the motion to amend shortly thereafter).

Body has diligently sought to assert its new claim. Plaintiff produced the recording that serves as the basis for the new claim on April 30, 2026. Body now moves to amend its Counterclaim to include the new claim on June 5, 2026, 36 days after learning of the basis for the claim. Moreover, this motion is also filed just four days after the Court's order denying Body's counsel's Motion to Withdraw as Counsel and for Stay.

The claim itself — that SI03 employees secretly recorded a call with Simek — demonstrates good cause for the amendment. Body could not have known about the undisclosed recording until Plaintiff produced it in discovery and therefore could not have included it in its Counterclaim.

Further, there is no undue prejudice against SI03 in allowing this amendment. The

burden of proving prejudice lies with the party opposing the motion, and the proper measure of prejudice in part is whether allowing the amendment would "drag litigation on indefinitely." *Caldwell v. DeJoy*, No. 4:23-CV-00114-MTS, 2024 WL 111697, at *2 (E.D. Mo. Jan. 10, 2024). The burden of undertaking additional discovery, standing alone, does not suffice to warrant denial a motion to amend. *NRRM v. Kingstar Holdings*, 4:17-cv-1665-PLC, 2018 WL 1993436, at *3 (E.D. Mo. Apr. 27, 2018).

The sole change to the Counterclaim is the addition of factual allegations and a claim related to the recorded call. The new claim will not meaningfully broaden or delay discovery, or the litigation generally. No depositions have been taken, and discovery does not close until October 31, 2026. Plaintiff will not be prejudiced by this amendment.

WHEREFORE Body moves this Court for leave to file its Amended Counterclaim, attached hereto as Exhibit A, and for other and further relief as may be just and proper.

Respectfully submitted,

By:  /s/ *Laura A. Bentele*

Laura A. Bentele        #64727MO
Mark P. Ohlms          #69262MO
Emily L. Goeke         #71897MO
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
lbentele@atllp.com
mohlms@atllp.com
egoeke@atllp.com

ATTORNEYS FOR DEFENDANT
BODY LLC D/B/A BODY NUTRITION

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.


*/s/ Laura A. Bentele*