UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SI03, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| v. | ) | Case No. 1:25-cv-00094-SNLJ |
| | ) | |
| BODY LLC | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant-counterclaimant Body LLC's motion for leave to amend its counterclaim. [Doc. 34]. For the reasons stated below, the motion is denied.

**I. BACKGROUND**

Plaintiff filed this lawsuit alleging that the defendant breached a contract and warranty by adding a food additive to the protein powder that plaintiff had sent to defendant for packaging, without plaintiff's authorization. [Doc. 1]. Defendant filed a counterclaim alleging that defendant breached the contract by refusing to pay for the packaged protein, because the agreement between the parties permitted defendant to mix in the food additive. [Doc. 21].

The Court entered a case management order with a January 30, 2026 deadline to file a motion to amend pleadings. [Doc. 25]. The Court has since vacated that order to accommodate the withdrawal of counsel for plaintiff [Doc. 41] and entered an amended case management order that provides for a June 30, 2027 discovery deadline. [Doc. 54].

On April 30, 2026, plaintiff SI03 produced a recording of a telephone call between Greg Simek, defendant Body's CEO and a Florida resident, and Matthew Miller and Bella Chen, employees of plaintiff SI03. [Doc. 35 at p. 1]. During the call, initiated by Miller and Chen, the parties discussed a purchase order and SI03's concerns about the mixability of its product. [Doc. 35-1]. No one at SI03 informed Body that the call had been recorded. [Doc. 35].

On June 5, 2026, defendant filed the instant motion seeking leave to assert a new claim under Florida's Security of Communications Act based on the recording. [Docs. 34, 35]. In response, plaintiff argues that leave should be denied because the amendment would be futile. [Doc. 37]. Plaintiff contends that Missouri law, rather than Florida law, applies and that Missouri law permits "one-party consent" recording. [Doc. 37 at pp. 2-4]. Defendant did not file a response, and the time to do so has passed.

## II. LEGAL STANDARD

"A party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018).

## III. DISCUSSION

As a threshold matter, the Court must determine whether Missouri or Florida law

applies. "Federal district courts must apply the choice of law rules of the state in which they sit when jurisdiction is based on diversity of citizenship." *Whirlpool Corp. v. Ritter,* 929 F.2d 1318, 1320 (8th Cir. 1991). "Under Missouri's choice-of-law rules, courts apply the substantive law of the state with the 'most significant relationship' to the occurrence and the parties." *McNeal v. Calvin,* 4:23-cv-01732-SEP, 2026 WL 879228, at *12 (E.D. Mo. Mar. 31, 2026) (citing *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 621 (8th Cir. 2004)). The state with the most significant relationship is determined, for tort actions, by consideration of four factors: "(1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered." *Id* (cleaned up). A tort is a "civil wrong, other than breach of contract, for which a remedy may be obtained, usually in the form of damages; a breach of a duty that the law imposes on persons who stand in a particular relation to one another." *Busch Props., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.,* 815 F.3d 1123, 1128 (8th Cir. 2016), *as amended* (Mar. 9, 2016) (citing Black's Law Dictionary (10th ed. 2014)).

A cause of action under § 934.10 of Florida's Security of Communications Act falls within the definition of a tort, so the four-factor test applies. Those factors favor Missouri as the state with the most significant relationship. Although the alleged injury occurred in Florida and one party is a citizen of Florida, the recording that allegedly caused the injury took place in Missouri, the other party is a citizen of Missouri, and the parties included a Missouri choice-of-law provision in their contract. [Doc. 8 at ¶ 14];

*see Becker v. Computer Scis. Corp.*, 541 F. Supp. 694, 706 (S.D. Tex. 1982) (finding that the same factors favored the state of recording rather than the state of the people recorded). Therefore, Missouri substantive law should apply.

"It is not unlawful under the [the Missouri Wiretap Act]: . . . [f]or a person not acting under law to intercept a wire communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act. § 542.402.2 RSMo.

Based on the foregoing, the amendment would be futile. As a result, denial of leave to amend is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that defendant-counterclaimant Body LLC's motion for leave to amend its counterclaim [Doc. 34] is **DENIED.**

**SO ORDERED** this 17th day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE